UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMON HOSICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13 CV 1060 CDP |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Damon Hosick for writ of habeas corpus pursuant to 28 U.S.C. §2254. Hosick is presently serving multiple terms of imprisonment following his convictions for sexual assault and incest. He alleges that he is entitled to habeas corpus relief because he was prejudiced when members of a motorcycle club, Bikers Against Child Abuse, were present at trial, and because his counsel failed to present expert testimony on the issue of penetration. His claim about expert testimony is procedurally barred, and his other claims were rejected by the state courts. Because I conclude that the state court's rejection of these claims was not contrary to federal law or an unreasonable determination of the facts, I will deny his claim for habeas relief.

1

## Procedural Background

Hosick was convicted by a jury in the Circuit Court of St. Francois County of two counts of first-degree statutory rape, four counts of first-degree statutory sodomy, and two counts of incest. He was sentenced, as recommended by the jury, to two terms of life imprisonment, four terms of 100 years' imprisonment, and two terms of four years' imprisonment, with all sentences to run consecutively to one another. His conviction was affirmed by the Missouri Court of Appeals. *See* Resp. Ex. E, *State v. Hosick*, Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(b), No. ED95095 (Mo.App. May 24, 2011)(unreported). Hosick filed a post-conviction motion under Missouri Supreme Court Rule 29.15, which was denied by the trial court. That denial was affirmed by the Missouri Court of Appeals. *See* Resp. Ex. I, Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 84.16(b), No. ED98033 (Mo.App. Feb. 13, 2013)(unreported).

On direct appeal Hosick argued that 1) the trial court erred by failing to instruct the jury to disregard testimony from a doctor that the victims' statements and behavior were consistent with sexual abuse; 2) the trial court erred by failing to instruct the jury on the definition of sexual intercourse; and 3) the trial court erred in denying petitioner's motion for acquittal on the basis of insufficient evidence. In his appeal from the denial of his Rule 29.15 motion, Hosick alleged

that his counsel was ineffective for failing to properly challenge the presence of BACA at trial.

Hosick now seeks federal habeas corpus relief on the following grounds:

(1) Trial Counsel was ineffective for (a) failing to object to the presence of BACA in the courtroom and their escorting the victims to and from the witness stand, and (b) failing to present an expert witness to refute the State's evidence of vaginal penetration.

(2) He was denied due process of law by BACA's presence in the courtroom.

(3) He was denied equal protection of the law because of BACA's presence in the courtroom.

(4) He was denied the right to a fair trial because of BACA's presence in the courtroom.

## **Factual Background**

The evidence at trial showed that Hosick's sexual abuse of his daughters – then aged seven and nine – came to light when his son – then aged eleven – told Hosick's then wife (the mother of all the children), that his father was having sex with the girls. The daughters testified at trial, as did the son who had revealed the abuse and a younger son, who had also witnessed the abuse. The children had all been interviewed by the Children's Advocacy Center, and their video recorded interviews were played to the jury. All of the children had some developmental or learning disabilities, and although their testimony at trial was not as detailed as their video recorded statements, their testimony was consistent with the jury's

verdict. The state presented the testimony of a physician who had examined the victims, and although he did not report any physical findings that showed they had been penetrated, he testified generally that their behavior was consistent with sexual abuse. Defendant testified in his own defense and denied abusing his daughters.

## **Procedural Bar**

Respondent argues that Hosick's claim regarding his counsel's failure to present expert testimony regarding penetration is procedurally barred. I agree that Hosick did not raise this claim before the state court and has failed to show that his procedural default should be excused, so he cannot raise the claim in this federal habeas proceeding.

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal results in abandonment of that claim. *Id.* at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)). To avoid this procedural default, a petitioner must present his claim at each step of the judicial process. *Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012).
A state prisoner who fails "to follow applicable state procedural rules [for] raising the claims" … is procedurally barred from raising them in a federal habeas action,

regardless of whether he has exhausted his state-court remedies." *Sweet*, 125 F.3d. at 1151(citation omitted). A state prisoner can overcome his procedural default only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Such objective factors include "showing that the factual or legal basis for a claim was not reasonably available to counsel ... or that ... some interference by officials," made compliance impracticable. *Id.* (quoting *Brown v. Allen,* 344 U.S. 443, 486 (1953)). In most instances, negligence on the part of a prisoner's post-conviction attorney does not qualify as cause, and prisoners are bound to the actions and inactions of their counsel. *Coleman,* 501 U.S. at 753.

Hosick did not raise this argument in his motion under Rule 29.15, nor was it considered by the Missouri Court of Appeals. A post-conviction proceeding is the exclusive procedure for pursuing ineffective assistance of counsel claims in state court. Hosick has also failed to allege cause or prejudice for his failure to raise this claim in state court, nor has he presented anything that would

5

demonstrate actual innocence. This claim of ineffective assistance of counsel is procedurally barred and I will not consider it further.

## Claims Relating to BACA

All of Hosick's remaining claims relate to his argument that the biker group's actions somehow prejudiced him at trial. He raises this as a claim of ineffective assistance of counsel, which was considered by the state court. He also says that the BACA actions caused him to be deprived of due process, equal protection, and a fair trial.

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding

28 U.S.C. § 2254(d).

In *Shafer v. Bowersox*, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable.

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 411, 413 (2000)).

The Supreme Court set out the standard for ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984). According to *Strickland*, a petitioner alleging ineffective assistance of counsel must make two showings. *Id.* at 687. First, the petitioner must "show that counsel's performance was deficient" in that it "fell below an objective standard of reasonableness." *Id.* at 687-88. In this regard, petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The Court in *Strickland* cautioned that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* Strategic choices made after thorough investigation are "virtually unchallengeable," and decisions following less thorough investigation are to be upheld to the extent they are supported by reasonable judgment. *Id.* at 690-691.

7

In addition to showing counsel's assistance was deficient, a petitioner must also demonstrate that he or she was actually prejudiced. Id. at 687. According to *Strickland*, "[t]his requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Id.* In order to satisfy the "actual prejudice" standard, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Hosick's counsel complained of BACA's actions in his motion for acquittal or in the alternative for a new trial. The motion stated:

> The trial court erred in allowing members of the biker gang "Bikers Against Child Abuse" to be present in the court room during trial proceedings. The trial court allowed a member of the biker gang to escort the children into the courtroom when called to testify. Counsel for Defendant did not object at trial as strategy was not to draw even more attention to their presence at the trial. Furthermore, after the children testified at trial the biker gang made laps around the courthouse on their motorcycles revving up their engines in a loud manner.
>
> The trial court's decision to allow the presence of the biker gang in the courtroom during the children's testimony violated the defendant's right to due process and right to a fair trial guaranteed by the Fifth, sixth and Fourteenth Amendments to the United States Constitution and Article One, Sections Ten and Eighteen(a) of the Missouri Constitution.

*See* Resp. Exh. B at p.88.

At the sentencing hearing, the prosecutor stated that no objection had been raised at trial and said: "And I would also say for the record that there would be no

evidence that I'm aware of or anything in the record that would show that the jury was interefered with or intimidated in any way by their presence." Resp. Exh. A-2 at p. 349, l. 6-9. The trial court then denied the motion, stating:

> I don't know if there was a specific objection raised to it. There was some discussion about it. And I believe Mr. Campbell [defense counsel] expressed that he didn't want them coming into the courtroom area. And I said, no, I agree. They were just allowed to come just so far in. I did restrict that. I don't know if I did that on my own or if that was in response to some reservation that you had.

Resp. Exh. A-2 at p. 349, l. 11-18.

Although Hosick did not appeal this point in his direct appeal, he raised it as a claim of ineffective assistance of counsel in his post-conviction motion. The court again denied the claim, concluding that "there is absolutely no record of any disturbance at the time of the trial, or any mention of the presence of anyone in the courtroom during the State's case, which might have any impact on the jury whatsoever … There is nothing in the record to support Movant's bald assertion the BACA group created any disturbance, let alone a disturbance which would warrant a mistrial, whether trial counsel requested it or not." Resp. Exh. F. at p. 36-37.

The Missouri Court of Appeals affirmed the decision of the motion court. *See* Resp. Exh. I. In the affirming opinion, the Court of Appeals concluded that the

motion court's determination that there was no disturbance was not clearly erroneous, and stated:

> The Missouri Constitution, as well as Missouri statutes, provide for a right of public access to criminal proceedings … However, the public access right is qualified, and it must be carefully balanced with a defendant's right to a fair trial.
>
> Here, Hosick claims the BACA escorted the children testifying at trial into the courtroom. Hosick also alleges the BACA drove motorcycles around the courthouse, loudly demonstrating outside the courthouse, following the children's testimony. However, as the motion court correctly notes, there is nothing in the record to indicate any disturbance caused by the BACA infringed upon Hosick's right to a fair trial. Nothing in the record shows identifiable members of the BACA escorted the children to the witness stand. In addition, nothing in the record reflects the BACA drove their motorcycles around the courthouse following the testimony from the children or any disturbance created by any such event.
>
> Instead, the record reflects trial counsel strategically chose not to object to these incidents to avoid calling attention to the presence of the BACA members at trial. Hosick contends counsel's decision was not reasonable trial strategy; however, this argument is without merit. Often, trial counsel will choose not to object to avoid highlighting certain issues during trial. Here, in the motion for new trial, counsel articulated a sound strategic reason for not objecting during the trial. Counsel did not want to call further attention to the presence of the BACA members at trial. This decision was a reasonable trial strategy and cannot form the basis of a claim of ineffective assistance.
>
> Moreover, the record further shows the trial court considered the issue of the presence of the BACA members in the courtroom and limited their presence by allowing them only "to come just so far in." In light of the court's previous consideration of the issue, it is not likely further objections would have been meritorious. Counsel cannot be found ineffective for failing to make a meritless objection at trial.

*See* Resp. Exh. I at p. 4 -5 (citations and footnote omitted).

In examining the record in accordance with the *Strickland* standard, the state courts were not unreasonable in determining that the trial strategy of not objecting to the presence of BACA was sound. Hosick has shown nothing that would indicate that counsel's performance fell below the standards expected of reasonable counsel. Additionally, Hosick has pointed to nothing that would indicate that there was actually any behavior by BACA that could have prejudiced him. Finally, trial counsel's failure to object, especially after the court had already considered BACA's presence in the courtroom, would likely not have resulted in the exclusion of the group. Therefore, the state court decisions rejecting the claim did not involve an unreasonable application of federal law, and the state court factual decision was not an unreasonable determination of the facts in light of the evidence presented.

Hosick's last three gounds allege that the BACA actions caused a violation of his right to due process, a denial of equal protection, and deprived him of a fair trial. Because he did not explicitly make these claims before the Missouri Court of Appeals, they could be denied as procedurally barred. But in any event, they are foreclosed by the decision of the Missouri Court of Appeals that there was, in fact, no disturbance. Hosick has not shown anything that could lead a court to conclude that there were improprieties "so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." *See Hamilton v.*

*Nix.* 809 F.2d 463, 470 (8th Cir. 1987)(quoting *Moore v. Wyrick,* 760 F.2d 884, 886 (8th Cir.1985).

## Conclusion

Hosick's claim that his counsel was ineffective for failing to present expert testimony about penetration is procedurally barred. His claims that his counsel was ineffective and his trial was unfair because the Bikers Against Child Abuse were present at the trial was properly rejected by the Missouri courts. Hosick has shown nothing that could lead this court to conclude that the state court determinations were an unreasonable application of the law or an unreasonable determination of the facts. He is therefore not entitled to a writ of habeas corpus.

Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. §2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* at §2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger*, 16

F.3d at 882-83). I find that reasonable jurists could not differ on any of Hosick's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Damon Hosick for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accord with this order is entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2015.